**DETCO, INC., a Wisconsin Corporation, its Officers, Agents, Representatives and Employees, Plaintiff,**

v.

**Honorable Harvey L. NEELEN, Circuit Judge for Milwaukee County, Wisconsin, et al., Defendants.**

Civ. No. 73-C-183.

United States District Court, E. D. Wisconsin.

April 6, 1973.

———◆———

Dominic H. Frinzi, Milwaukee, Wis., for plaintiff.

Gerald G. Pagel, Asst. Corp. Counsel, Milwaukee, Wis., for defendant Honorable Harvey L. Neelen.

James B. Brennan, City Atty., and Roch Carter, Asst. City Atty., Milwaukee, Wis., for defendant Harold Breier.

## MEMORANDUM OPINION AND ORDER

REYNOLDS, District Judge.

The plaintiff Detco, Inc. operates a theatre in Milwaukee, Wisconsin, known as the Parkway Theatre. On March 30, 1973, Milwaukee policemen seized a film from the Parkway Theatre entitled "Curious Teenager" pursuant to a search warrant issued by the defendant Judge Harvey L. Neelen. The plaintiff was not given any notice nor was an adversary hearing held prior to the issuance of the search warrant. On March 31, 1973, Judge Neelen, after this action was commenced, issued a criminal complaint finding there was probable cause to believe that Detco, Inc., had violated § 944.21(1)(a) of the Wisconsin Statutes by showing an obscene film. Detco was ordered to appear and answer the complaint on April 11, 1973.

The plaintiff seeks declaratory and injunctive relief. Its complaint alleges that the seizure violated the plaintiff's First Amendment rights and that § 944.21 of the Wisconsin Statutes is unconstitutional as interpreted by the Wisconsin Supreme Court. The matter is before me now on plaintiff's motion for a temporary restraining order. I am granting the motion because the film was seized without an adversary hearing and because I believe that § 944.21, as construed, violates the mandates of the United States Supreme Court in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and A Book Named "John Cleland's Memoirs . . ." v. Attorney General, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966).

■ Initially I find that the principles set forth in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), present no barrier to jurisdiction in deciding this matter. This action was initiated prior to the state criminal proceeding, and jurisdiction properly lies in the United States District Court.

■ It is clearly established that under federal law a motion picture cannot be seized without a prior adversary hearing. Demich, Inc. v. Ferdon, 426 F.2d 643 (9th Cir. 1970); Bethview Amusement Corp. v. Cahn, 416 F.2d 410 (2d Cir. 1969); Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969); Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968). To the extent that the dicta in State ex rel. Howard v. O'Connell, 53 Wis.2d 248, 192 N.W.2d 201 (1971), implies that such a hearing is not required under the circumstances of this case, I find it to be incompatible with existing

federal constitutional law. The motion picture film was seized pursuant to a search warrant issued without an adversary hearing. When seized, the movie was scheduled to be shown for some future time, and the Parkway Theatre has not displayed that movie or any other since the seizure. The film has in fact been suppressed without the required hearing. Therefore, the plaintiff's likelihood of prevailing on the merits is so great as to compel me to order the return of the movie at this time.

■ In three prior cases a constitutional challenge to § 944.21 of the Wisconsin Statutes as construed by the Wisconsin Supreme Court in Kois v. State, 51 Wis.2d 668, 188 N.W.2d 467 (1971), rev'd per curiam 408 U.S. 229, 92 S.Ct. 2245, 33 L.Ed.2d 312 (1972), and Court v. State, 51 Wis.2d 683, 188 N.W.2d 475 (1971), was held not to be insubstantial. Bruno v. Warren, C.A. No. 71–C–599 (E.D.Wis., Nov. 12, 1971); Misurelli v. Warren, C.A. No. 71–C–600 (E.D.Wis., Nov. 12, 1971); Detco, Inc. v. McCann, C.A. No. 72–C–121 (E.D.Wis., Feb. 25, 1972). The challenged statute is so suspect and the potential injury to the plaintiff so great that I must restrain the prosecution of plaintiff under § 944.21 of the Wisconsin Statutes pending a final determination on the merits.

The defendants argue that this restraining order prevents them from prosecuting the Parkway Theatre under the state obscenity statute. Whether this is true or not I do not know. I am only finding that the state cannot prosecute plaintiff until the state laws are brought into conformity with the United States Constitution. This can be done either by the state legislature or by the state courts pursuant to the state and federal "reciprocal" statutes, Wis.Stats. § 227.26 (1971) and 28 U.S.C. § 2284(5).

For the reasons set forth in *Bruno, Misurelli,* and *Detco,* I am also requesting that a three-judge court be convened to decide the plaintiff's motion for a preliminary injunction.